[Cite as *Brunner v. Stark Cty. Dept. of Job & Family Servs.*, 2011-Ohio-271.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHELLY ANN BRUNNER | JUDGES:<br>Hon. Julia A. Edwards, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | |
| STARK COUNTY DEPARTMENT OF<br>JOB AND FAMILY SERVICES, ET AL. | Case No. 2010CA00047 |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Juvenile Division, Case No. 2009JCV01399



JUDGMENT:                    Reversed and Remanded



DATE OF JUDGMENT ENTRY:      January 24, 2011



APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees

JOY S. WAGNER                        LISA A. LOUY
507 West Park Avenue                 221 Third Street, SE
Barberton, OH  44203                 Canton, OH  44702

*Farmer, J.*

{¶1}   On August 7, 2009, appellee, Stark County Department of Job and Family Services, filed a complaint for the temporary custody of two minor children, alleging abuse, neglect, and/or dependency (Case No. 2009JCV01020).   On September 2, 2009, the children were placed in appellee's temporary custody.   Also on September 2, 2009, appellant, Shelly'ann Brunner, the maternal great-aunt of the two minor children, filed a motion for joinder and a motion for legal custody in the case.   By judgment entry filed October 29, 2009, appellant's motion for joinder was denied.   Appellant withdrew her motion for legal custody with the understanding that she could re-file the motion if appellee sought permanent custody.

{¶2}   On October 29, 2009, appellant filed a complaint for companionship of the minor children pursuant to R.C. 3109.12 in the Court of Common Pleas of Stark County, Juvenile Division (Case No. 2009JCV01399).   On January 12, 2010, appellee filed a motion to dismiss the complaint, arguing appellant was precluded from pursuing the companionship complaint since she had been denied joinder in Case No. 2009JCV01020.   By judgment entry filed February 1, 2010, the trial court granted appellee's motion and dismissed appellant's complaint.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE   TRIAL   COURT   ERRED   IN   DISMISSING   APPELLANT'S COMPANIONSHIP FOR COMPANIONSHIP AS A MATTER OF LAW."

I

{¶5} Appellant claims the trial court erred in dismissing her complaint for companionship pursuant to R.C. 3109.12. Specifically, appellant claims her rights under R.C. 3109.12 are not preempted by the pending abuse, neglect, dependency action (Case No. 2009JCV01020) under the exclusive jurisdiction afforded the trial court (R.C. 2151.23(A)(1) and R.C. 2151.353).

{¶6} R.C. 3109.12 governs "[v]isitation rights of grandparents and other relatives when child's mother unmarried." Subsection (A) provides in pertinent part, "[i]f a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child."

{¶7} Appellant attempted to seek visitation/legal custody through the abuse, neglect, dependency case, but her motion for joinder was denied. In its judgment entry filed February 1, 2010, the trial court viewed the companionship complaint as an attempt to gain "back-door entry" into the abuse, neglect, dependency action:

{¶8} "As noted in R.C. §2151.353(E)(1), once the court took jurisdiction of the children in case 2009-JCV-01020 and completed disposition in that case, it retains jurisdiction until the children reach the age of 18. Based on that, 2009-JCV-01020 is the controlling case for the [H] children. Ms. Brunner cannot use R.C. §3109.12 to file a new case and, thereby, 'backdoor' or 'end run' the denial of intervention in 2009-JCV-01020."

{¶9} The trial court then proceeded to rule that a companionship order in the case would not be in the best interest of the children:

{¶10} "The Stark County Department of Job and Family Services has taken temporary custody of these children and filed a case plan. They are mandated to attempt to reunify the children with the parents. It would disrupt that attempted reunification if every relative of these children had the option of filing a separate case in the juvenile court seeking companionship or custody. The children could become the subjects of multiple orders of visitation. SCDJFS and foster parents would then be required to facilitate multiple visits with relatives rather than focusing their energy on the parental reunification plan.

{¶11} "The Court has broad authority under R.C. §2151.353 to make orders in the best interest of children who have been found dependent, abused, or neglected. That authority continues until the children are 18. Just because Ms. Brunner was denied intervention at the current time does not mean that, at some time in the future, she would not be granted intervention or, even without intervening, that she be granted companionship or custody of the children. See *In Re: C.C.* 2007-WL-2069497 (Ohio App. 2 Dist.)."

{¶12} Appellant argues the trial court's sua sponte decision on best interests was made without an evidentiary hearing, and the companionship statute, R.C. 3109.12(B), accepts and acknowledges that the two actions can be maintained:

{¶13} "Except as provided in division (E)(6) of section 3113.31 of the Revised Code, if the court, pursuant to this section, grants parenting time rights or companionship or visitation rights with respect to any child, it shall not require the public

children services agency to provide supervision of or other services related to that parent's exercise of parenting time rights with the child or that person's exercise of companionship or visitation rights with the child. This section does not limit the power of a juvenile court pursuant to Chapter 2151. of the Revised Code to issue orders with respect to children who are alleged to be abused, neglected, or dependent children or to make dispositions of children who are adjudicated abused, neglected, or dependent children or of a common pleas court to issue orders pursuant to section 3113.31 of the Revised Code."

{¶14} We note the companionship case was initiated in the Court of Common Pleas, Juvenile Division, and was given a juvenile division number (2009JCV01399). The action was brought under R.C. Chapter 3109 which is included in the Domestic Relations - Children title.[1] The specific statutory language of R.C. 3109.12 states an action may be filed "in the court of common pleas of the county in which the child resides." Juv.R. 10(A) permits a filing over any matter "which the juvenile court is given jurisdiction by the Revised Code." Juv.R. 13 (B)(2)(c) provides the following:

{¶15} "(2) Upon the filing of an abuse, neglect, or dependency complaint, any party may by motion request that the court issue any of the following temporary orders to protect the best interest of the child:

{¶16} "(c) An order granting, limiting, or eliminating visitation rights with respect to the child."

---

[1] In Stark County, the specific designation pursuant to R.C. 2301.03(H) is "Division of Domestic Relations." Loc.R. 3 of the Court of Common Pleas of Stark County designates the division as the "Family Court Division (Domestic Relations and Juvenile cases)."

{¶17} Using these rules as a template, we conclude the trial court was correct in finding that the initial complaint in Case No. 2009JCV01020 established exclusive jurisdiction to that complaint. However, there is no prohibition in filing a complaint pursuant to R.C. 3109.12 in the same court, despite the fact that said statute is in the "Domestic Relations" chapter and the jurisdiction over the children is in the Juvenile Division with the filing of the R.C. 2151.353 complaint.

{¶18} We find no bar to the filing of an R.C. 3109.12 action when an R.C. 2151.353 action is pending. Appellee argues to permit these filings when an R.C. 2151.353 complaint is pending could possibly cause a conflicting order. We disagree. The trial court can consolidate both actions so conflicts do not arise. This is especially true given the structure of the Common Pleas Court in Stark County.

{¶19} Given that access to the courts is permitted via two statutory sections, appellant can legally use a "back door" that is statutorily granted without fear of dismissal.

{¶20} The sole assignment of error is granted.

{¶21} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby reversed, and the matter is remanded to said court for hearing on the R.C. 3109.12 request.

By Farmer, J.

Wise, J. concur and

Edwards, P.J., dissents.

_s/ Sheila G. Farmer_____

_s/John W. Wise_____

_____

JUDGES

SGF/sg 129

EDWARDS, J., DISSENTING OPINION

{¶22} I respectfully dissent from the majority as to the analysis and disposition of this case.

{¶23} I find that the Juvenile Court does not have jurisdiction to consider a complaint filed pursuant to R.C. 3109.12.

{¶24} "Juvenile Courts are courts of limited jurisdiction and their powers are created by statute." *Carnes v. Kemp*, 104 Ohio St.3d 629, 821 N.E.2d 180, 2004-Ohio-7107 at ¶25.[2] See also *In the Matter of S.M.,* Madison App. No. CA2009-02-008, 2009-Ohio-4677 at ¶14. R.C. 2151.07, titled "Creation and powers of juvenile court; assignment of judges," states, "The juvenile court has jurisdiction…conferred in Chapters 2151. and 2152. of the Revised Code." R.C. 2151.23 specifically enumerates the jurisdictional authority of the juvenile court. Nowhere in R.C. 2151.23 does it indicate that the juvenile court has jurisdiction to hear complaints for companionship filed under R.C. 3109.12.

{¶25} I concede that the language in R.C. 3109.12 indicates that if a child is born to an unmarried woman, any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them companionship. I also concede that the juvenile court is a division of the court of common pleas. But I find that R.C. 3109.12 cannot give jurisdiction to a juvenile court. That can only come from R.C. 2151.23 or anywhere in 2151. or 2152.

{¶26} R.C. 2151.23(A)(2), subject to divisions (G) and (V) of R.C. 2301.03, confers jurisdiction on the juvenile court to determine custody of any child not a ward of another court of this state. One can make the argument that companionship is part and

---

[2] This statement is made in the dissenting opinion of Justice Lundberg Stratton.

parcel of a custody determination and, therefore, the juvenile court has jurisdiction over a complaint for companionship. But, the Ohio Supreme Court in *In re Gibson* (1991), 61 Ohio St.3d 168, 171, 573 N.E.2d 1074 found that "[t]he complaint of a grandparent seeking only visitation with a grandchild may not be determined by the juvenile court pursuant to its authority to determine 'custody' of children under R.C. 2151.23(A)(2). "

{¶27} Even if I were to agree that an R.C. 3109.12 complaint could be filed in juvenile court, I would find that all legal matters at this time should be filed and determined in the dependency action. The juvenile court has exclusive jurisdiction of a dependent child. R.C. 2151.23(A)(1). And, I find the language of R.C. 3109.12 actually defers to the juvenile court's authority when it states, "This section does not limit the power of a juvenile court pursuant to Chapter 2151 of the Revised Code to issue orders with respect to children who are alleged to be abused, neglected or dependent children or to make dispositions of children who are adjudicated abused, neglected or dependent children or of a common pleas court to issue orders pursuant to Section 3113.31 of the Revised Code."

{¶28} I find this language to clearly defer to a dependency action in juvenile court.

{¶29} For the reasons stated above, I would affirm the decision of the trial court.

_____

Judge Julie A. Edwards

JAE/rmn

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


SHELLY ANN BRUNNER                          :
                                            :
    Plaintiff-Appellant                 :
                                            :
-vs-                                        :              JUDGMENT ENTRY
                                            :
STARK COUNTY DEPARTMENT OF                  :
JOB AND FAMILY SERVICES, ET AL.             :
                                            :
    Defendants-Appellees                :              CASE NO. 2010CA00047


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is reversed, and the matter is remanded to said court for hearing on the R.C. 3109.12 request. Costs to appellee Stark County Department of Job and Family Services.


                                     s/ Sheila G. Farmer_____


                                       s/John W. Wise_____


                                     _____


                                          JUDGES