[Cite as *In re C.W.*, 2020-Ohio-2660.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: C.W.
      B.W.

C.A. No.     19CA011521

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10 JG 30837

DECISION AND JOURNAL ENTRY

Dated: April 27, 2020

SCHAFER, Judge.

**{¶1}** Plaintiffs-Appellants, Melva Sherwood and Scott Sherwood (collectively, the "Sherwoods"), appeal the June 10, 2019 judgment entry of the Lorain County Court of Common Pleas, Juvenile Division, granting the motion of Defendant-Appellee, Lindsay Eberhardt, to dismiss pending matters for lack of jurisdiction. For the reasons that follow, we affirm.

I.

**{¶1}** Due to the exceedingly complicated and lengthy history of this matter, we summarize the essential facts relevant to the present appeal as follows.

**{¶2}** Ms. Eberhardt is the mother of two minor children born to her and father, Andrew Weaver. C.W. was born October 3, 2007. B.W. was born June 3, 2009. Melva Sherwood is the paternal grandmother of C.W. and B.W. Scott Sherwood is Melva's husband and the paternal step-grandfather to the children.

{¶3}     This appeal stems from a dispute regarding custody and visitation rights over C.W. and B.W.  Melva and Scott Sherwood (the "Sherwoods") initially filed a complaint on September 14, 2010, seeking custody of C.W. and B.W. pursuant to R.C. 2151.23.  Then, on May 10, 2011, the Sherwoods filed a motion seeking to establish grandparent visitation and companionship rights pursuant to R.C. 3109.12 in the alternative to an award of custody.

{¶4}     In October 2011, all parties involved reported a complete resolution of the case pursuant to a settlement agreement.  The settlement agreement stated that they reached "a resolution of all matters in regards to [the September 14, 2010 c]omplaint" and "all pending motions before the court are hereby resolved and otherwise disposed of as a result of the resolution set forth herein."  The parties assented to a visitation schedule, detailed certain terms and conditions of the visitation, and agreed that a court mediator would provide assistance in resolving disputes that might arise pertaining to the children's visits. The agreed journal entry was submitted to the trial court, signed by the judge, and filed in the record on November 1, 2011.

{¶5}     Nearly a year after the parties entered the visitation agreement, Mr. Weaver passed away due to a drug overdose.  Still, Ms. Eberhardt and the Sherwoods continued on with the visitation schedule for the next two years.  On October 17, 2014, the Sherwoods filed a motion in the underlying case, Case No. 10JG30837, requesting that the trial court modify the visitation schedule to increase the Sherwood's visitation time with the children.  Ms. Eberhardt responded with her own motion to modify companionship time, contending that visitation was not in the best interest of her children and seeking to discontinue the visitation schedule with the Sherwoods.  The Sherwoods then filed a supplemental motion to modify companionship time.  On October 6, 2015, the Sherwoods filed a motion for legal custody of C.W. and B.W. pursuant to R.C. 2151.23(A)(2).

{¶6} The Sherwoods filed a notice of voluntary dismissal on August 29, 2016, dismissing their motion for custody and motion to modify grandparent visitation time. Thereafter, the trial court issued a journal entry acknowledging the Sherwoods' dismissal of the motions seeking custody or visitation. The trial court indicated that Ms. Eberhardt's motion to modify visitation remained pending and set a contested hearing to commence on September 19, 2016.

{¶7} On October 14, 2016, the trial court issued its judgment entry ruling on matters it considered after the contested hearing. Ms. Eberhardt appealed that judgment entry arguing, in pertinent part, that "the trial court was without 'jurisdiction to issue the November 1, 2011 Grandparent Visitation Order and was without [j]urisdiction to issue the October 14, 2016 Grandparent Visitation Order.'" *In re C.W.*, 9th Dist. Lorain Nos. 16CA011044, 17CA011162, 17CA011165, 2018-Ohio-5265, ¶ 21 ("*In re C.W. I*").

{¶8} In *In re C.W. I*, this Court determined that the juvenile court had "usurped the statutory authority of R.C. 3109.11" and that it lacked subject matter jurisdiction to issue the October 14, 2016 judgment entry. *Id.* at ¶ 43. This Court concluded that the Sherwoods had never invoked the juvenile court's jurisdiction to order companionship or visitation rights pursuant to R.C. 3109.11. *Id.* at ¶ 42. Because Ms. Eberhardt's motion to modify or terminate visitation was the only issue before the juvenile court at the September 19, 2016 hearing, this court further concluded that the juvenile court erred when it sua sponte asserted jurisdiction under R.C. 3109.11 as a basis for modifying the parties' agreed visitation schedule and granting the Sherwoods companionship visitation pursuant to that statute. *Id.* at ¶ 43. Having concluded that the October 14, 2016 judgment entry was void ab initio, we reversed and remanded the matter to the juvenile court.

{¶9}　During the pendency of the appeal in *In re C.W. I*, and following our remand of the matter, the parties presented numerous filings and motions to the juvenile court in the underlying case, and the court issued several rulings.　During that time, several other appeals were taken from the juvenile court's rulings.　The relevance of all that transpired in the record is not readily apparent in the context of the present appeal.

{¶10}　Eventually, the judge who issued the October 11, 2016 judgment entry recused, and a visiting judge was appointed in the case.　Thereafter, Ms. Eberhardt filed a motion to dismiss any pending matters for lack of subject matter jurisdiction.　The Sherwoods opposed the motion. On June 10, 2019, the juvenile court issued a judgment entry granting the motion to dismiss.　The juvenile court concluded that it lacked jurisdiction to address "the later contempt and the motion to modify [the parties' agreement] filed by both [the Sherwoods] and [Ms. Eberhardt]."　The judgment entry stated "[t]his case is now concluded and no further [c]ourt action is appropriate."

{¶11}　The Sherwoods timely appealed the trial court's decision raising one assignment of error of our review.

II.

**Assignment of Error**

**The trial court erred as a matter of law by finding that it did not have subject matter jurisdiction over any pending motion and proceeding in Case No. 10J[G]30837 where the parties entered into a legally-binding settlement agreement on October 17, 2011 which was memorialized into a legally binding judgment entry on November 1, 2011 and where this Court has already determined that the trial court had subject matter jurisdiction to enforce the November 1, 2011 judgment entry memorializing that settlement.**

{¶12}　In their sole assignment of error, the Sherwoods argue the juvenile court erred as a matter of law by dismissing the underlying case.　The Sherwoods contend that the juvenile court erred by misconstruing this Court's decision in *In re C.W. I* and concluding that it had no

jurisdiction to act on any "pending motion and proceeding" because a visitation order pursuant to R.C. 3109.12 had never been issued in the underlying case. The Sherwoods assert the juvenile court "had subject matter jurisdiction to enforce" the parties' "legally-binding settlement agreement" set forth in the agreed journal entry of November 1, 2011.

{¶13} "Ohio's juvenile courts have limited jurisdiction: they can exercise only the authority conferred on them by the General Assembly." *State ex rel. C.V. v. Adoption Link, Inc.*, 157 Ohio St.3d 105, 2019-Ohio-2118, ¶ 14, citing *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 14. The juvenile court does not have "inherent equitable jurisdiction" to determine grandparent visitation, and "possesses only the jurisdiction that the General Assembly has expressly conferred upon it." *In re Gibson*, 61 Ohio St.3d 168, 172 (1991), citing Ohio Constitution, Article IV, Section 4(B). "The juvenile court's determination regarding its subject matter jurisdiction implicates a question of law which this Court reviews de novo." *In re J.L.M.*, 9th Dist. Summit No. 28867, 2018-Ohio-2175, ¶ 9.

{¶14} "Visitation" encompasses the right of a party—who does not have custody of that child—to visit the child. *In re Gibson*, 61 Ohio St.3d 168, 171 (1991). "The law does not provide grandparents with inherent legal rights based simply on the family relationship." *In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, ¶ 9. However, "Ohio law provides various methods for grandparents to obtain a legal right of access to their grandchildren outside of the juvenile custody situation." *In re M.N.*, 9th Dist. Wayne No. 07CA0088, 2008-Ohio-3049, ¶ 20.

{¶15} R.C. 3190.12 is one statutory method grandparents may use to seek visitation rights with a grandchild if the child's mother is unmarried. R.C. 3109.12(A) provides in pertinent part that

> [i]f a child is born to an unmarried woman and if the father of the child has acknowledged the child and that acknowledgment has become final * * *[,] the

parents of the father * * * may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the child.

A court may grant the companionship or visitation rights requested under R.C. 3109.12(A) "if it determines that the granting of the * * * companionship or visitation rights is in the best interest of the child[ren]." R.C. 3109.12(B).

> In determining whether to grant * * * reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in [R.C. 3109.051(D)]." "Divisions (C), (K), and (L) of [R.C. 3109.051] apply to the determination of * * * reasonable companionship or visitation rights under this section and to any order granting any such rights that is issued under this section.

R.C. 3109.12(B).

{¶16} Additionally, R.C. 3109.11 allows a grandparent to file a complaint in the juvenile court for companionship or visitation rights when a parent of the child is deceased. A juvenile court may award visitation pursuant to R.C. 3109.11 based on the same considerations stated in R.C. 3109.12(B), including the relevant factors of R.C. 3109.051(D). "Even though [R.C. 3109.11 and 3109.12] grant standing to a nonparent to request visitation, the ability to have visitation awarded is conditional upon a finding that visitation with the nonparent is in the best interest of the child." *In re N.C.W.*, 12th Dist. Butler No. CA2013-12-229, 2014-Ohio-3381, ¶ 25.

{¶17} In their brief on appeal, the Sherwoods argue that the juvenile court erred when it misconstrued this Court's decision in *In re C.W. I* to hold that the juvenile court "had no [] subject matter jurisdiction to act in the case whatsoever, and thus it had no jurisdiction to act further on any pending motion, including enforcing the Sherwoods' visitation rights and the trial court's contempt findings, because a visitation order pursuant to R.C. 3109.12 had never been issued."

{¶18} Although Ms. Eberhardt moved the court to "dismiss" any pending matters for lack of subject matter jurisdiction, Ms. Eberhardt essentially moved the court to stop acting or

exercising authority regarding the November 1, 2011 agreed judgment entry and to cease any additional "proceedings" in the matter. In its June 10, 2019 judgment entry ruling on the motion, the juvenile court indicated that, in *In re C.W. I*, this Court "held that the agreement did not have the necessary language pursuant to law to meet the requisite standard to be an order for grandparent visitation." The judgment entry noted that both parties had petitioned the juvenile court to modify their settlement agreement. The juvenile court concluded "[i]t appears that the original pending motions of the [p]arties were resolved with a reliance upon this agreement, however, the decision of the Court of Appeals clearly states that the agreement was deficient and as a result the court did not exercise the requisite subject matter jurisdiction over this matter to make said agreement an enforceable court order."

{¶19} In *In re C.W. I*, Ms. Eberhardt raised an argument challenging the juvenile court's subject matter jurisdiction under R.C. 3109.12 to issue the "'November 1, 2011 Grandparent Visitation Order.'" *In re C.W. I* at ¶ 21. We determined that her argument lacked merit because the November 1, 2011 agreed journal entry memorializing the settlement agreement between the parties did not involve an exercise of jurisdiction under R.C. 3109.12. The journal entry did not reflect any finding as to the statutory factors or determination as to the best interest of the children as required by R.C. 3109.12, nor did it expressly grant the Sherwoods a right to grandparent visitation or companionship. *Id.* at ¶ 29-30. Thus, we rejected Ms. Eberhardt's argument because we concluded the juvenile court could not have erred by exercising jurisdiction in the November 1, 2011 agreed journal entry when, in fact, it had *not exercised* such jurisdiction. While the juvenile court appears, at least in part, to have based its June 10, 2019 ruling on conjecture and a mischaracterization of our decision, the ultimate conclusion that the juvenile court reached in its

June 10, 2019 judgment entry was that the court lacked jurisdiction to take further action in the matter.

{¶20} In their merit brief, the Sherwoods argue that the juvenile court erred by "dismissing" the case and by "finding that all claims and proceedings in Case No. 10JG30837 were void for want of subject matter jurisdiction." However, the June 10, 2019 judgment entry did not dismiss a pending action or make a finding regarding all claims and proceedings. Further, the Sherwoods' contention that the juvenile court erred "by finding that it did not have subject matter jurisdiction over any pending motion and proceeding[,]" overstates the holding of the June 10, 2010 judgment entry. The juvenile court found that it was without authority to enforce the November 1, 2011 agreed journal entry and concluded that it "lack[ed jurisdiction to address the later contempt and the motion to modify [the parties'] agreement filed by both [the Sherwoods] and [Ms. Eberhardt]." The judgment entry further stated that the case was "concluded and no further [c]ourt action is appropriate."

{¶21} Any jurisdictional argument notwithstanding, the Sherwoods have not demonstrated prejudice from the juvenile court's ruling, and it is unclear exactly what relief the Sherwoods are seeking. *See* App.R. 16(A)(7). Though the record is replete with motions and filings—including some purporting to assert new claims—the Sherwoods have not identified any particular motion or proceeding they believe to be within the juvenile court's jurisdiction. Reviewing the June 10, 2019 judgment entry, it is unclear what the juvenile court was referring to when it stated that it lacked jurisdiction over "the later contempt" or the motions to modify the agreement. While the Sherwoods argue in their merit brief that the juvenile court's error was in concluding that it lacked "jurisdiction to act further on any pending motion, including enforcing the Sherwoods' visitation rights and the trial court's contempt findings," they do not point to the

record to explain what they believe to have been wrongly "dismissed" or to show how they were otherwise impacted by the court's June 10, 2019 decision.

{¶22} As the Sherwoods have not identified any motion or proceeding as having been improperly dismissed, the Sherwoods are essentially asking this Court for an advisory opinion declaring that the juvenile court may, or must, continue to "exercise jurisdiction" with respect to the terms of the settlement agreement memorialized in the November 1, 2011 agreed journal entry. A decision reversing the June 10, 2019 judgment entry upon speculation that the juvenile court may be capable of exercising jurisdiction in some undefined manner with regard to the November 1, 2011 agreed entry "'would be completely advisory, and have no practical effect on the proceedings. This Court may not issue an advisory opinion.'" *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 15CA010721, 2016-Ohio-8199, ¶ 10, quoting *In re Emergency Guardianship of Stevenson*, 9th Dist. Medina No. 04CA0036-M, 2005-Ohio-997, ¶ 11.

{¶23} Based on the foregoing we conclude that the Sherwoods have failed to show how they were prejudiced by the June 10, 2019 judgment entry. *See* Civ.R. 61; R.C. 2309.59. *See also Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 10 ("An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support."). Because the Sherwoods have failed to demonstrate that the juvenile court committed prejudicial error as a result of the June 10, 2019 judgment entry, and because this Court cannot issue an advisory opinion, this Sherwood's assignment of error is not well taken.

III.

{¶24} The Sherwoods' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellants.

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellee.