[Cite as *In re C.D.*, 2024-Ohio-6047.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

In re C.D.

Court of Appeals Nos. S-24-005

Trial Court Nos. JC22230020

**<u>DECISION AND JUDGMENT</u>**

Decided: December 27, 2024

* * * * *

Christopher M. Marcinko, for appellee.

Robert P. Soto, for appellant.

* * * * *

{¶ 1} This is an appeal from the judgment by the Sandusky County Court of Common Pleas, Juvenile Division, which overrode the objections by defendant-appellant mother, A.D.,[1] to the magistrate's decision granting plaintiff-appellee maternal grandmother, R.P., companionship time with the minor child, C.D. For the reasons set forth below, this court reverses the judgment of the juvenile court.

---

[1] Later in the record mother is referred to as A.S., due to her marriage two weeks after appellee filed the complaint.

## I. Background

{¶ 2} This matter commenced on January 31, 2022, upon the filing by appellee of a complaint for grandparent visitation as being in the best interest of C.D. pursuant to R.C. 3109.12(A), which relevantly states "If a child is born to an unmarried woman, the parents of the woman . . . may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child." Appellee alleged that appellant was the natural mother of C.D., both residing in Sandusky County, and that appellee was the maternal grandmother of C.D. Appellee alleged that appellant was unmarried, and the father of C.D. was unknown. Appellee further alleged that she provided appellant and C.D. "with a home, food, and physical and emotional support for the first two years of his life and is a caregiver and trusted confidant and support for the child."

{¶ 3} After mediation and pre-trial negotiations failed, the matter proceeded to trial before a magistrate on December 2, 2022. The magistrate heard testimony from five witnesses and admitted 13 exhibits into evidence. Appellant did not challenge the juvenile court's subject-matter jurisdiction prior to or at the trial. On December 6, the magistrate issued a decision with 25 findings of fact and conclusions of law, including a review of the factors stated in R.C. 3109.051(D)(1)-(16). The magistrate decided: (1) to grant appellee's complaint for grandparent visitation with C.D., (2) to set the companionship for "one weekend per month from Friday at 7:00 PM to Sunday at 8:00 PM," (3) to order that appellee "shall provide transportation to and from the companionship," and (4) to order that appellee "shall pay the costs of this action."

2.

**{¶ 4}** Appellant timely objected, with supplement, to the magistrate's decision for three reasons: (1) appellee's companionship time with C.D. was not in the child's best interests, (2) the magistrate's decision and findings were not supported by the weight of the evidence of her parental wishes against visitation, and (3) the juvenile court lacked subject-matter jurisdiction to order the grandparent visitation.

**{¶ 5}** Appellee opposed appellant's objections. Appellee argued the weight of the evidence favored granting the complaint under R.C. 3109.12. Appellant's testimony confirmed the loving relationship C.D. had with appellee and her husband. Appellant admitted that neither grandparent would harm C.D. and that the grandparents had "too good of a relationship" with C.D. while appellant worked and was in their care. Appellee further argued the juvenile court, a division of the Sandusky County Court of Common Pleas, had subject matter jurisdiction because appellant's reliance on *In re Gibson*, 61 Ohio St.3d 168 (1991) was misplaced as it was decided 10 years before the enactment of R.C. 3109.12. Appellee further argued that this court has repeatedly upheld a juvenile court's jurisdiction to determine grandparent visitations under R.C. 3109.12, citing *In re K.M.-B.*, 2015-Ohio-4626 (6th Dist.); *Wentz v. Wideman*, 2021-Ohio-2257 (6th Dist.); *In re A.M.*, 2022-Ohio-4305 (6th Dist.); and *In re A.R.*, 2023-Ohio-394 (6th Dist.).

**{¶ 6}** On February 12, 2024, the juvenile court filed its judgment entry approving and adopting the magistrate's December 6, 2022 decision, after independently considering the record, including appellant's objections. The trial court overruled each of appellant's objections. As to appellant's first objection,

3.

[U]pon the independent review of the Court's file, transcripts, and pleadings, along with all information, evidence, and arguments contained therein, the Court, upon the appropriate application of the standards and law, comes to the same conclusion as that of the assigned Magistrate. . . being that the requested grandparent visitation is in the best interest of the minor child in this case.

{¶ 7} As to appellant's second objection,

On the matter of the weight of the evidence. . . A review of the decision under scrutiny would show that the Magistrate listed each of the relevant factors from Ohio Revised Code section 3109.051(D)(1)(-(16), as well as his impressions from the trial that were taken into consideration.

{¶ 8} As to appellant's third objection,

As to the lack of jurisdiction, this Court finds that argument not well taken, based upon the various applicable statutes and case law; as also argued in the Grandmother's responsive pleading. This Court clearly has subject matter jurisdiction to determine grandparent visitation under the circumstances of this case.

{¶ 9} The trial court then ordered: (1) to grant appellee's complaint for grandparent visitation with C.D., (2) to set the companionship for "one weekend per month from Friday at 7:00 PM to Sunday at 8:00 PM," (3) to order that appellee "shall provide transportation to and from the companionship," and (4) to order that appellee "shall pay the costs of this action" while also ordering "No costs shall be assessed for this matter, which is now closed."

{¶ 10} Appellant timely appealed the juvenile court's judgment setting forth two assignments of error:

1. The trial court's decision was against the manifest weight of the evidence.

4.

2.    The trial court lacks subject matter jurisdiction over this matter.

{¶ 11} We will first address appellant's second assignment of error, which is dispositive of this appeal.

## II. Subject-Matter Jurisdiction

{¶ 12} In support of her second assignment of error, appellant argues that where the juvenile court lacked subject-matter jurisdiction to grant appellee grandparent visitation with C.D., that order is void. Appellant relies on *In re Gibson* and on *In re C.W.*, 2020-Ohio-2660 (9th Dist.) to argue the juvenile court's subject-matter jurisdiction is limited to the custody of children under R.C. 2151.23(A)(2), which does not include grandparent visitation of an unwed mother's child under R.C. 3109.12. R.C. 2151.23(A)(2) states, "The juvenile court has exclusive original jurisdiction under the Revised Code as follows: . . . (2) subject to [R.C. 2301.03(G), (I), (K), and (M)[2]], to determine the custody of any child not a ward of another court of this state."

{¶ 13} Appellant also relies on *State ex rel. Jones v. Paschke*, 2023-Ohio-1536 (11th Dist.), *aff'd,* 2024-Ohio-135, to argue that "visitation" (and the related concept "companionship") under R.C. 3109.12 is a distinct legal concept from "custody" under R.C. 2151.23(A)(2) such that appellee's complaint for visitation with C.D. is a domestic-

---

[2] R.C. 2301.03 concerns the designation of domestic relations, juvenile and probate duties of the judges in the courts of common pleas for specific counties. R.C. 2301.03(G) concerns Richland County; R.C. 2301.03(I) concerns Summit County; R.C. 2301.03(K) concerns Butler County; and R.C. 2301.03(M) concerns Lake County. Sandusky County is not addressed in R.C. 2301.03 because it does not have a separately-elected domestic relations judge. *State ex rel. Jones v. Paschke*, 2024-Ohio-135, ¶ 2 (identifying the analogous situation in Geauga County).

5.

relations matter under R.C. 3105.11(B)(2). Consequently, R.C. 3109.12 is beyond the juvenile court's subject-matter jurisdiction under R.C. 2151.23(A)(2).

{¶ 14} In response, appellee argues the juvenile court had subject matter jurisdiction. Appellant's reliance on *In re Gibson* was misplaced because R.C. 3109.12 "was not the law at the time of *In re Gibson*, but addresses a situation in which a child is born to an unmarried mother and expressly and directly addresses what a court may do when that scenario occurs." Appellee was eligible to seek visitation with C.D. under R.C. 3109.12(A)(2) and filed her complaint in the juvenile division of the court of common pleas of the county in which C.D. resides.

{¶ 15} The juvenile court, without citing to any specific legal authority, summarily concluded it had subject-matter jurisdiction over appellee's complaint for visitation solely under R.C. 3109.12. We review de novo, as a question of law, the juvenile court's determination that it had subject-matter jurisdiction. *State v. Hudson*, 2022-Ohio-1435, ¶ 19; *In re C.W.*, 2020-Ohio-2660, at ¶ 14 (9th Dtst.)..

{¶ 16} First, we must clarify that R.C. 3109.12 was the law at the time of the *In re Gibson* decision on July 24, 1991, when the Ohio Supreme Court specifically cited the statute and determined R.C. 3109.12 had no effect on the outcome of the case. *In re Gibson*, 61 Ohio St.3d at 170 ("In one departure from the 'disruptive precipitating event' principle, R.C. 3109.12 has been added to allow grandparental visitation in the case of 'a child . . . born to an unmarried woman.'"). Appellee is mistaken that R.C. 3109.12, which was first effective on May 31, 1990, only took effect ten years after *In re Gibson* was decided in 1991. The last amendment to R.C. 3109.12 was effective on March 22, 2001.

6.

From the beginning, R.C. 3109.12(A) contained the identical statutory language as the version before the juvenile court in this matter: "If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child."

{¶ 17} Second, it is undisputed that the sole issue appellee brought to the juvenile court was maternal grandparent visitation pursuant to R.C. 3109.12(A), and not custody under R.C. 2151.23(A)(2). It is also undisputed there was no prior custody-related action before the juvenile court with respect to C.D. at the time grandmother filed her complaint under R.C. 3109.12. In that situation the Ohio Supreme Court has clearly stated the juvenile court lacks jurisdiction: "The complaint of a grandparent seeking only visitation with a grandchild may not be determined by the juvenile court pursuant to its authority to determine the 'custody' of children under R.C. 2151.23(A)(2)." *Id.* at 168, syllabus. Where a grandparent seeks from the juvenile court a determination of "visitation" and not "custody," the court reasoned, "The juvenile court possesses only the jurisdiction that the General Assembly has expressly conferred upon it. [Appellant] Gilbert has pointed to no statute that gives the juvenile court jurisdiction to determine his complaint for visitation. We cannot go beyond the statutes and find jurisdiction on some other basis." (Citations omitted.) *Id.* at 171-173.

{¶ 18} Simply put, R.C. 3109.12 alone does not confer juvenile court jurisdiction to determine appellee's complaint for visitation. The Ninth District Court of Appeals directly addressed whether the juvenile court of Wayne county possessed "the subject

7.

matter jurisdiction regarding the class of cases which address the determination of an award of 'grandparent' visitation pursuant to R.C. 3109.12(A)." *In re R.G.*, 2021-Ohio-93, ¶ 13 (9th Dist.). The court concluded the juvenile court lacked subject-matter jurisdiction where there was no juvenile court case involving the child to implicate jurisdiction. *Id.* at ¶ 26. "By its express language, R.C. 2151.23 accords no jurisdiction to the juvenile court to determine grandparent visitation actions initiated pursuant to R.C. 3109.12," and the juvenile court's judgment granting grandparent visitation under R.C. 3109.12(A) was void ab initio. *Id.*

{¶ 19} In addition to the *In re Gibson* reasoning, the Ohio Supreme Court recently analyzed the juvenile court's subject-matter jurisdiction, albeit in the context of granting immunity for a criminal act, that is instructive on this issue.

> While probate courts -- like the courts of common pleas -- are provided for in the Ohio Constitution, juvenile courts were established by statute. *See* Article IV, Section 4(C) ("Unless otherwise provided by law, there shall be a probate division and such other divisions of the courts of common pleas as may be provided by law"). As a statutory creation, a juvenile court "possesses only the jurisdiction that the General Assembly has expressly conferred upon it." *In re Gibson*, 61 Ohio St.3d 168, 172, 573 N.E.2d 1074 (1991). R.C. 2151.07 provides that a "juvenile court is a court of record within the court of common pleas" and vests juvenile courts with "the powers and jurisdiction conferred in Chapters 2151. and 2152. of the Revised Code." R.C. 2151.23 limits the juvenile court's jurisdiction to certain subject matters involving juveniles. Nothing in R.C. 2151.23 -- or R.C. Chapters 2151 and 2152 generally -- gives the juvenile court authority to grant immunity from prosecution for a criminal act.

*State ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 15. We find the reasoning for the lack of subject-matter jurisdiction applies to a juvenile court's decision based solely on R.C. 3109.12, which is not provided for in R.C. Chapters 2151 and 2152.

8.

{¶ 20} The Ohio Supreme Court acknowledges the outcome is different where there is a pending or related matter that properly invokes the juvenile court's jurisdiction. *Rowell v. Smith*, 2012-Ohio-4313 ¶ 1, 17 (while a complaint for custody under R.C. 2151.23(A)(2) does not confer jurisdiction on a juvenile court to determine a grandparent's statutory complaint seeking only visitation with a grandchild, a juvenile court may issue temporary visitation orders that are in the child's best interest during a pending case for custody between the parent and nonparent). This court agrees with the foregoing where the juvenile court's jurisdiction has been specifically raised on appeal. *In re Sarah V.*, 2002 WL 192085 (6th Dist. Feb. 8, 2002) (R.C. 3109.12 is applicable to grandparent visitation orders issued by a juvenile court under R.C. 3111 et seq)*; Lourdes K. v. Gregory Q.*, 1997 WL 256681, *6 (6th Dist. May 16, 1997) (in child support case, father of child, as determined under R.C. 3111.13, may request companionship and visitation under R.C. 3109.12). Other Ohio courts of appeals also agree. *Wilkinson v. Stirr*, 1992 WL 308272, *3 (4th Dist. Oct. 14, 1992) (grandparent visitation within juvenile court jurisdiction in the context of a paternity action under R.C. 2151.23(B)(2)); *Brunner v. Stark Cty. Dept. of Job & Family Servs.*, 2011-Ohio-271, ¶ 18 (5th Dist.) (no prohibition filing R.C. 3109.12 complaint in juvenile court a pending R.C. 2151.353 case); *In re A.M.S.*, 2019-Ohio-3181, ¶ 36 (8th Dist.) (no juvenile court jurisdiction over visitation without pending custody or child support proceeding); *In re S.L.*, 2024-Ohio-117, ¶ 18-19 (9th Dist.) (juvenile court has jurisdiction over grandparent motion for companionship as a collateral matter to an ongoing paternity case between mother and father filed in juvenile court).

9.

**{¶ 21}** In response, appellee cites this court's decision in *In re K.M.-B.* to support her argument that we upheld a juvenile court's subject-matter jurisdiction to determine grandparent visitation with three grandchildren solely under R.C. 3109.12. We disagree.

**{¶ 22}** In that case we held:

> Grandparents have no constitutional right to association with their grandchildren. The establishment of a home and the rearing of children is a fundamental liberty interest protected by the Fourteenth Amendment to the United States Constitution. Parental autonomy entitles the parents the sole duty and right to the custody, care and nurture of their child. Grandparents also have no common law legal rights of access to their grandchildren. However, the state has an interest to protect the welfare of children and may infringe upon the parental autonomy liberty interest if the law is limited to serve a compelling state interest. (Citations omitted.)

*In re K.M.-B.*, 2015-Ohio-4626 at ¶ 19 (6th Dist.). Nevertheless, one statute to give reasonable companionship visitation to a nonparent, if requested and if such an award would be in the best interest of the child, is R.C. 3109.12(A), where a child is born to an unmarried woman. *Id.* at ¶ 21. We determined the Lucas County Court of Common Pleas, Juvenile Division, lacked jurisdiction under R.C. 3109.11 and 3109.12 to award maternal grandparent visitation with E.M. because the child was born after the parent's marriage. *Id.* at ¶ 23-25. Here, C.D. was not born after the parent's marriage. We then determined R.C. 3109.12(A) was unconstitutional as applied to T.M. because that child's parents cohabitated at the time of birth and married soon after. *Id.* at ¶ 26-40. Here, there is no evidence appellant's marriage subsequent to C.D.'s birth, when C.D. was about four years old, was to C.D.'s father. We then determined the juvenile court abused its discretion when it granted grandparent visitation with K.M.-B. under R.C. 3109.051 and 3109.12 for failing to consider all of the relevant factors in R.C. 3109.051(D). *Id.* at ¶ 18, 10.

41-51. The juvenile court's subject-matter jurisdiction to determine grandparent visitation with K.M.-B. solely under R.C. 3109.12 was not an issue on appeal and was not addressed by this court.

{¶ 23} Appellee next cites this court's decision in *Wentz v. Wideman* to support her argument. We disagree. In that decision, the paternal grandmother and step-grandfather brought a complaint to establish visitation and companionship rights under R.C. 3109.11 following the death of the children's father. *Wentz v. Wideman*, 2021-Ohio-2257, at ¶ 2-3 (6th Dist.). The children's mother and father participated in a "marriage ceremony" but never legally wed prior to the births of the children. *Id.* at ¶ 2. We determined the juvenile court did not abuse its discretion when it granted grandparent visitation with both grandchildren. *Id.* at ¶ 23. We further determined that R.C. 3109.11 was not unconstitutional as applied. *Id.* at ¶ 32. The juvenile court's subject-matter jurisdiction to determine grandparent visitation with the children solely under R.C. 3109.12 was not an issue on appeal and was not addressed by this court.

{¶ 24} Appellee next cites this court's decision in *In re A.M.* to support her argument. Again, we disagree. In that decision, the father and mother of the child were not married when the father brought in juvenile court a complaint to establish paternity and to allocate parental rights and responsibilities. *In re A.M.*, 2022-Ohio-4305 at ¶ 3 (6th Dist.). Between the age of three and seven, the father and mother entered into a shared parenting plan until it was terminated by the juvenile court, who then designated father the residential parent and legal custodian of the child. *Id.* When the child was eight years old, the paternal grandmother brought motions to intervene and for R.C. 3109.12(A)

11.

visitation time. *Id.* at ¶ 4. After granting the motion to intervene, the juvenile court then denied the paternal grandmother's motion for visitation time with the grandchild. *Id.* at ¶ 5. The juvenile court's subject-matter jurisdiction to determine grandparent visitation with the grandchild, which arose from custody proceedings, was not raised on appeal and was not addressed by this court. *Id.* at ¶ 44.

{¶ 25} Appellee finally cites this court's decision in *In re A.R.* to support her argument. We disagree. In that decision, the paternal grandmother filed in juvenile court a complaint to obtain full legal custody of the grandchildren. *In re A.R.*, 2023-Ohio-394, at ¶ 2 (6th Dist.). When the custody matter proceeded to trial, the grandmother withdrew the complaint for custody and obtained leave to file a complaint for visitation under R.C. 3109.12. *Id.* at ¶ 5. The juvenile court subsequently dismissed the paternal grandmother's complaint for visitation for lack of standing under R.C. 3109.12(A) where paternity was not first established as required by that statute. *Id.* at ¶ 9. We affirmed the paternal grandmother's lack of standing and determined the dismissal was without prejudice. *Id.* at ¶ 28-30. The juvenile court's subject-matter jurisdiction to determine grandparent visitation with the children, which originated from custody proceedings, was not raised on appeal and was not addressed by this court.

{¶ 26} Here, the juvenile court clearly believed R.C. 3109.12, alone, conferred it subject-matter jurisdiction to determine appellee's complaint for visitation with C.D. This is understandable, given the Ohio Supreme Court acknowledges the plain language of R.C. 3109.11, "the court of common pleas of the county in which the minor child resides," which is substantially identical to R.C. 3109.12, "the court of common pleas of

12.

the county in which the child resides," does not mandate filing the complaint in any particular division of the common pleas court. The court explained:

> The statute requires that the complaint be brought in "the court of common pleas of the county in which the minor child resides." [R.C. 3109.11] *It does not specify that the complaint must be brought in a juvenile court or any other particular division of the court of common pleas. The legislature knows how to specify that a complaint must be brought in juvenile court, and many other statutes so require. See, e.g.*, R.C. 2151.85 (complaint of minor seeking to have abortion without parental notification); R.C. 2152.021 (complaint alleging that child is delinquent); R.C. 3109.76 (complaint of grandparent seeking custody); R.C. 3321.19(D)(2) (school-attendance officer's complaint alleging that minor is a habitual truant). It did not do so in R.C. 3109.11. (Emphasis added.)

*State ex rel. Jones v. Paschke*, 2024-Ohio-135, ¶ 11.

{¶ 27} The specific issue before the Ohio Supreme Court was a writ of prohibition in the Eleventh District Court of Appeals brought by the father of a minor child, whose mother died and whose maternal grandmother sought R.C. 3109.11 visitation rights, against the Geauga County Common Pleas general division judge presented with the complaint. *Id.* at ¶ 1-4. This matter does not involve a writ of prohibition against the juvenile court. Unlike this case, the father argued only the juvenile division had jurisdiction over the grandmother's complaint for companionship and visitation. *Id.* at ¶ 5. The general division judge responded it had jurisdiction and filed a motion for summary judgment, which the Eleventh District granted. *Id.*

{¶ 28} However, a closer review reveals material aspects of the Ohio Supreme Court's *Paschke* decision that mirror the appeal before us. The court reviewed the specific structure of the Geauga County Court of Common Pleas, which has no separate domestic-relations judge, but has a general division and a combined probate and juvenile

13.

division. *Id.* at ¶ 2. We take judicial notice that the Sandusky County Court of Common Pleas also only has a general division (comprised of criminal, civil, and domestic relations cases) and a combined probate and juvenile division. In the absence of a separate domestic-relations division, R.C. 3105.011(A) grants the general division jurisdiction over "domestic relations matters" defined under R.C. 3105.011(B)(2) to include R.C. Chapter 3109 matters, including R.C. 3109.11 visitation proceedings. *Id.* at ¶ 9, citing *State ex rel. Gray v. Kimbler*, 2022-Ohio-3937, ¶ 14-15. The same is true for R.C. 3109.12. The court held that R.C. 3109.11 "gives general divisions of courts of common pleas jurisdiction over grandparents' complaints requesting companionship or visitation." *Id.* at ¶ 10. Here, R.C. 3109.12 gives the general division of the Sandusky County Court of Common Pleas jurisdiction due to the nearly identical language with R.C. 3109.11 for the filing of the complaint: in "the court of common pleas of the county in which the child resides."

{¶ 29} Appellant does not argue which division of the Sandusky County Common Pleas Court has subject-matter jurisdiction over appellee's complaint for visitation, only that the juvenile court lacks such exclusive, original jurisdiction. Therefore, the question remains: how does appellee, a grandparent seeking visitation with a grandchild, who meets the R.C. 3109.12 statutory requirements for requesting visitation with that child, properly get her request for visitation heard by "the court of common pleas of the county in which the minor child resides"? The solution is for the juvenile court judge of the Sandusky County Court of Common Pleas, without subject-matter jurisdiction, to transfer the case to the common pleas judge of the general division, which has the necessary

14.

jurisdiction. *See State ex rel. Richland Cnty. Children Services v. Richland Cnty. Court of Common Pleas*, 2017-Ohio-9160, ¶ 18 (the only recourse of the domestic-relations court that patently and unambiguously lacked jurisdiction was to transfer the matter to the juvenile court); *Mays v. Mays*, 1993 WL 212697, *1 (2d Dist. June 14, 1993) ("Any judge of the Court of Common Pleas may order a case transferred to another judge or division of the Court, if that judge and division of the court has jurisdiction of the matter."). We find no statute plainly deprives the general division of the Sandusky County Common Pleas Court of subject-matter jurisdiction over appellee's R.C. 3109.12 complaint for grandparent visitation. *State ex rel. Kelleys Island School Dist. Bd. of Education v. Ohio Dept. of Education*, 2024-Ohio-285, ¶ 27 (6th Dist.).

{¶ 30} Upon de novo review of the record before us, we find the juvenile court of the Sandusky County Court of Common Pleas erred when it determined to have subject-matter jurisdiction based solely on appellee's complaint filed under R.C. 3109.12(A). We reverse and remand this matter to the juvenile court to transfer it to the general division for further proceedings.

{¶ 31} Appellant's second assignment of error is well-taken. In light of our decision, appellant's first assignment of error is moot. App.R. 12(A)(1)(c).

### III. Conclusion

{¶ 32} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is reversed and remanded to the juvenile court to

transfer this matter to the general division for further proceedings. Appellee is ordered to

pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.       _____
                JUDGE

Gene A. Zmuda, J.

            _____
Myron C. Duhart, J.        JUDGE
CONCUR.

            _____
                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.